No. 15,739.

MATT *v.* MATT.
(178 P. [2d] 419)

Decided January 27, 1947.   Rehearing denied March 10, 1947.

Mr. GEORGE O. BAKKE, for plaintiff in error.

Mr. BERNARD B. CARRAHER, Mr. GREGORY A. MUELLER, for defendant in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, Edward M. Matt, plaintiff below, and defendant in error Marie Matt, defendant below, were formerly husband and wife and owned their home in joint tenancy. After violent disagreement one evening, they discussed a property settlement and a question of support of their minor daughter, Synda Lu, with the result that plaintiff dictated, and defendant wrote in pencil, the following memorandum of agreement:

"I hereby agree to turn over the home located at 1210 Bellaire Street, Denver, Colorado, and I'm to finish the

payments in four years and in the event that my wife marries the house goes to Synda Lu, Daughter, under our guardianship.

"I will pay Marie Matt $1,000.00 (one thousand dollars) plus all payments on the home at 1210 Bellaire, plus attorney fees, plus $40.00 a month for the support of Synda Lu Matt.

"We relinquish any personal interest in each other's personal affairs.

"The Walgreen Pension Fund remains in Marie Matt's name. In the event Marie Matt marries, the Pension Fund reverts to Synda Lu Matt and in the event of my death I will leave a Will.

"I leave the full custody of daughter, Synda Lu Matt, to her mother, Marie Matt.

"Signed August 17, 1944.

"Marie Matt
"E. M. Matt."

Promptly thereafter, plaintiff's attorney instituted the action for divorce and prepared a typewritten memorandum of agreement of similar import to the penciled one except that the first paragraph thereof provides as follows:

"That the party of the first part agrees to turn over to the party of the second part, family residence located at 1210 Bellaire Street in the City and County of Denver, more specifically described as: Lots Twenty-One (21) and Twenty-Two (22), Block Four (4), Bellview Park Addition: together with all the furnishings therein and to keep up the monthly payments due thereon at the Denver National Bank under a F. H. A. Loan; the balance being $3,989.23; until such time as the present indebtedness due thereon shall be paid in full. The title to said premises shall remain in joint tenancy in the names of the parties to this agreement, but in the event of the remarriage of either party, then and in that event said party so remarrying shall convey forthwith his or

her interest to the infant child of the parties hereto, Synda Lu Matt.

"The party of the second part agrees to pay all taxes and assessments, repairs, and water rent as they become due, so long as she remains in the said premises."

On August 21 defendant signed acceptance of service of summons in the action for divorce and also signed the typewritten memorandum, paragraph one of which has been hereinabove set out, at the office of her husband's attorney. She filed no answer in the action, and when it was reached for trial made no appearance. The attorney appointed by the court to represent defendant was not personally acquainted with her. He telephoned to her at her place of employment and she advised him that she did not care to contest the case; and that they had made a satisfactory property settlement. The final decree, entered in apt time thereafter, was made and entered upon the terms and conditions contained in the typewritten memorandum.

Defendant remarried, and thereupon quitclaimed her interest in the home to the daughter and demanded that plaintiff likewise convey his interest. Standing on the terms of the decree, he refused, and some six months after entry of the final decree, defendant filed motion for its modification to conform to the original penciled memorandum on the ground that it, and not the typewritten instrument, set out the true understanding and agreement of the parties.

On answer filed the matter was heard and evidence taken before the trial court which found that the parties entered into the written agreement August 17, 1944, and that there was no meeting of the minds of the parties in modification of that agreement. Accordingly, it was ordered by the court that plaintiff convey his title and interest in the home property to the minor daughter; and it appearing that upon her remarriage the defendant and daughter had moved from the home property and that it was being rented, it was further ordered that the mort-

gage payments on the property be paid out of the rents and any balance of rent be held in trust in the estate for the support and education of the minor child.

Plaintiff in error here seeks reversal insofar as he is required to make conveyance of his one-half interest in the home to the minor daughter, and defendant in error by cross specification asks that the order of the trial court be reversed as to its provision that the payments on the outstanding encumbrance on the real property should be paid out of rents collected therefrom. Both parties request final determination of the issues on the application for supersedeas.

In his answer to defendant's motion to modify the decree of divorce, plaintiff contends that, after considerable discussion the parties modified their original agreement and entered into the typewritten agreement. At the hearing no word of testimony was introduced supporting that contention; rather the testimony was, that the typewritten memorandum conformed to plaintiff's understanding and interpretation of the penciled agreement. On this review, plaintiff in his brief invokes the rule, that a later contract in relation to the same subject matter and fully covering the terms of an earlier contract, supersedes it.

The first contention set up in the answer was not proven; that testified to at the hearing is a confession that the penciled memorandum represents the only agreement of the parties; and that urged in the brief fails, because no later agreement was at any time made. Performance by plaintiff and acceptance of benefits by defendant are no defense because both, insofar as here shown, were in accord with the terms of the penciled agreement, as well as those of the typewritten memorandum.

Plaintiff urges the recognized rule that in the absence of fraud a court will not set aside a written contract freely and voluntarily signed by the parties even though it was signed without being read and with misap-

prehension as to its meaning. The rule is not applicable to the present case for the reason that here the undisputed evidence convincingly disclosed that defendant was induced to sign upon the representation of plaintiff that the writing constituted in legal form the agreement the parties already had reached, and concealment by plaintiff of any change in substance therein.

Plaintiff's attorney drafted the typewritten agreement as instructed by plaintiff. Whether plaintiff misunderstood the meaning of the penciled memorandum or whether he deliberately had it changed is not material. The fact remains that the typewritten memorandum was of different import from the former penciled agreement; that the change of meaning was concealed from the defendant and that she was led to believe that there had been no change; that it was drawn by her husband's attorney who, she properly understood, was to represent them both, and that this was an agreement between a husband and a wife of such a nature that a relationship of trust and confidence existed. It is not necessary to show actual or positive fraud. The fact that plaintiff mislead defendant to her prejudice, even though he intended no actual wrong, constituted a constructive fraud. *In re Smith's Estate,* 276 N. Y. Supp. 646; *In re Cover's Estate,* 188 Cal. 133, 204 Pac. 583; 26 Am. Jur. 876, §269. The finding by the trial court that there was no fraud on the part of plaintiff's attorney was not a finding that there was no constructive fraud in procuring the signature of defendant to the memorandum.

The parties, by their agreement, as evidenced by the penciled memorandum, clearly contemplated that the husband should turn over the home to the wife and that, in the event the wife remarried, it should go to the minor daughter. The wife has remarried and has executed a deed to her half interest in the home to the daughter, and under the terms of their agreement, plaintiff likewise must convey his interest to her.

Considering now defendant's cross specification that

the court erred in adjudging that the payments on the property be made from the rents until further order of the court. From the wording of the agreement it clearly appears that plaintiff would make all payments on the home. This covenant could only apply to the mortgage payments, which also included the taxes. It is true that the parties by their agreement contemplated continued occupation of the property as a home by defendant and the daughter, in which event there would have been no rental income. However, there would have been the advantage of the use of the home by the mother and daughter which was equivalent to rental, and upon their removal and the renting of the house, the rents should be applied for the benefit of the daughter and become part of her estate.

■ Further cross specification is made of alleged error of the trial court in prohibiting disbursement of any money derived from rental of the property by the defendant until further order of the court. From the record, the intent of the court in entering this order clearly appears to be that disbursement should be made only on order of the county court having jurisdiction of the minor's estate, and the word "county" should be inserted prior to the word "court" in the appropriate line in the order.

Accordingly, the order of the trial court is affirmed insofar as it requires conveyance by plaintiff to the minor daughter, Synda Lu Matt, of all of his title and interest in and to the real property known as 1210 Bellaire Street, Denver, Colorado. The court order requiring that payments on the property be made from the rents is reversed, and in lieu thereof plaintiff should be required to make all payments under the mortgage on said premises. The cause is remanded for further proceedings in accordance with the views herein expressed.

Mr. Chief Justice Burke and Mr. Justice Hays concur.